IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. G. NEIL GARRETT, DDS, P.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ASHTEL STUDIOS, INC., | ) |
| doing business as ASHTEL DENTAL, | ) |
| and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

**MATTERS COMMON TO MULTIPLE COUNTS**

**INTRODUCTION**

1. Plaintiff Dr. G. Neil Garrett, DDS, P.C., brings this action to secure redress for the actions of defendant Ashtel Studios, Inc., doing business as Ashtel Dental, in sending or causing the sending of unsolicited advertisements to a telephone facsimile machine in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2. The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

## PARTIES

3. Plaintiff Dr. G. Neil Garrett, DDS, P.C., is an Illinois corporation that maintains telephone facsimile equipment at an office in Lake Villa, Illinois.

4. Defendant Ashtel Studios, Inc., doing business as Ashtel Dental is a California corporation that has offices at 7950 Cherry Avenue, Suite 103, Fontana, California 92336.

5. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

7. Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendant:

   a. Has committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b. Has transacted business in Illinois.

8. Venue in this District is proper for the same reason.

## FACTS

9. On September 29, 2011, plaintiff Dr. G. Neil Garrett, DDS, P.C. received the first of forty-one unsolicited fax advertisements attached hereto as Exhibit A on its facsimile machine.

10. On October 11, 2011, plaintiff Dr. G. Neil Garrett, DDS, P.C. received the

unsolicited fax advertisement attached hereto as <u>Exhibit B</u> on its facsimile machine.

11.	On November 9, 2011, plaintiff Dr. G. Neil Garrett, DDS, P.C. received the unsolicited fax advertisement attached hereto as <u>Exhibit C</u> on its facsimile machine.

12.	On January 11, 2012, plaintiff Dr. G. Neil Garrett, DDS, P.C. received the unsolicited fax advertisement attached hereto as <u>Exhibit D</u> on its facsimile machine.

13.	On January 19, 2012, plaintiff Dr. G. Neil Garrett, DDS, P.C. received the unsolicited fax advertisement attached hereto as <u>Exhibit E</u> on its facsimile machine.

14.	On January 26, 2012, plaintiff Dr. G. Neil Garrett, DDS, P.C. received the unsolicited fax advertisement attached hereto as <u>Exhibit F</u> on its facsimile machine.

15.	On February 8, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as <u>Exhibit G</u> on its facsimile machine.

16.	On March 6, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as <u>Exhibit H</u> on its facsimile machine.

17.	On April 11, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as <u>Exhibit I</u> on its facsimile machine.

18.	On April 25, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as <u>Exhibit J</u> on its facsimile machine.

19.	On May 8, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as <u>Exhibit K</u> on its facsimile machine.

20.	On May 17, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as <u>Exhibit L</u> on its facsimile machine.

21.	On May 22, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the

unsolicited fax advertisement attached hereto as Exhibit M on its facsimile machine.

22. On May 24, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as Exhibit N on its facsimile machine.

23. On May 30, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as Exhibit O on its facsimile machine.

24. On June 6, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as Exhibit P on its facsimile machine.

25. On June 13, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as Exhibit Q on its facsimile machine.

26. On June 14, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as Exhibit R on its facsimile machine.

27. On June 21, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as Exhibit S on its facsimile machine.

28. On June 28, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as Exhibit T on its facsimile machine.

29. On July 3, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as Exhibit U on its facsimile machine.

30. On July 11, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as Exhibit V on its facsimile machine.

31. On July 12, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as Exhibit W on its facsimile machine.

32. On July 18, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the

unsolicited fax advertisement attached hereto as Exhibit X on its facsimile machine.

33. On July 19, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as Exhibit Y on its facsimile machine.

34. On July 25, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as Exhibit Z on its facsimile machine.

35. On August 2, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as Exhibit AA on its facsimile machine.

36. On August 10, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as Exhibit BB on its facsimile machine.

37. On August 15, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as Exhibit CC on its facsimile machine.

38. On August 16, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as Exhibit DD on its facsimile machine.

39. On August 22, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as Exhibit EE on its facsimile machine.

40. On August 23, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as Exhibit FF on its facsimile machine.

41. On August 30, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as Exhibit GG on its facsimile machine.

42. On September 6, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as Exhibit HH on its facsimile machine.

43. On September 19, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the

unsolicited fax advertisement attached hereto as <u>Exhibit II</u> on its facsimile machine.

44. On September 20, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as <u>Exhibit JJ</u> on its facsimile machine.

45. On October 3, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as <u>Exhibit KK</u> on its facsimile machine.

46. On November 21, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as <u>Exhibit LL</u> on its facsimile machine.

47. On December 19, 2012, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as <u>Exhibit MM</u> on its facsimile machine.

48. On March 6, 2013, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as <u>Exhibit NN</u> on its facsimile machine.

49. On March 7, 2013, plaintiff Dr. G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached hereto as <u>Exhibit OO</u> on its facsimile machine.

50. Discovery may reveal the transmission of additional faxes as well.

51. Defendant Ashtel Studios, Inc., doing business as Ashtel Dental is responsible for sending or causing the sending of the faxes.

52. Defendant Ashtel Studios, Inc., doing business as Ashtel Dental as the entity whose products or services were advertised in the fax, derived economic benefit from the sending of the faxes.

53. Defendant Ashtel Studios, Inc., doing business as Ashtel Dental either negligently or wilfully violated the rights of plaintiff in sending the faxes.

54. Plaintiff had no prior relationship with defendant and had not authorized the

sending of fax advertisements to plaintiff.

55. The faxes sent by defendant do not contain the "opt out notice" described in 47 U.S.C. §227.

56. There is no reasonable means for plaintiff to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

### COUNT I – TCPA

57. Plaintiff incorporates ¶¶ 1-56.

58. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

59. The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

**(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

60. Plaintiff suffered damages as a result of receipt of the unsolicited faxes, in the

form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

61. Plaintiff is entitled to statutory damages.

62. Defendant violated the TCPA even if its actions were only negligent.

63. Defendant should be enjoined from committing similar violations in the future.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff against defendant for:

    a. Actual damages;

    b. Statutory damages;

    c. An injunction against the further transmission of unsolicited fax advertising;

    d. Costs of suit;

    e. Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

64. Plaintiff incorporates ¶¶ 1-56.

65. Defendant engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff.

66. Unsolicited fax advertising is contrary to the TCPA and also Illinois law. 720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

67. Defendant engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to plaintiff.

68. Plaintiff suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

69. Defendant engaged in such conduct in the course of trade and commerce.

70. Defendant's conduct caused the recipient of their advertising to bear the cost thereof. This gave defendant an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

71. Defendant's shifting of advertising costs to plaintiff in this manner makes such practice unfair. In addition, defendant's conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

72. Defendant should be enjoined from committing similar violations in the future.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff against defendant for:

    a. Appropriate damages;

    b. An injunction against the further transmission of unsolicited fax advertising;

    c. Attorney's fees, litigation expenses and costs of suit;

    d. Such other or further relief as the Court deems just and proper.

**COUNT III – CONVERSION**

73. Plaintiff incorporates ¶¶ 1-56.

74. By sending plaintiff unsolicited faxes, defendant converted to its own use ink or toner and paper belonging to plaintiff.

75. Immediately prior to the sending of the unsolicited faxes, plaintiff owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

76. By sending the unsolicited faxes, defendant appropriated to its own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

77. Defendant knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

78. Plaintiff was deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff suffered damages as a result of receipt of the unsolicited faxes.

79. Defendant should be enjoined from committing similar violations in the future.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff against defendant for:

    a. Appropriate damages;

    b. An injunction against the further transmission of unsolicited fax advertising;

    c. Costs of suit;

    d.  Such other or further relief as the Court deems just and proper.


               <u>/s/ Daniel A. Edelman</u>
                Daniel A. Edelman


Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)